UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DESTIN JUPITER AND DANA JUPITER,<br><br>                                     Plaintiffs,<br><br>vs.<br><br>MEAD JOHNSON & COMPANY, LLC, MEAD JOHNSON NUTRITION COMPANY, and ABBOTT LABORATORIES<br><br>                                     Defendants. | Civil Action No. 3:21-cv-00469 |

## NOTICE OF REMOVAL

Defendant Abbott Laboratories ("Abbott"), with the consent of Defendants Mead Johnson & Company, LLC (MJ&C) and Mead Johnson Nutrition Company ("MJNC"), removes this civil action under 28 U.S.C.§§ 1332, 1441, and 1446. This Court has subject matter jurisdiction and the case is removable because there is complete diversity between Defendants MJ&C, MJNC, and Abbott (collectively "Defendants") and Plaintiffs Destin Jupiter and Dana Jupiter, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

In support of this Notice of Removal, Abbott states the following short and plain statement of the grounds for removal:

1. This action involves products liability claims arising from Plaintiff Destin Jupiter's alleged development of necrotizing enterocolitis (NEC) around the time of his birth in 2002. Plaintiffs claim injuries resulting from Defendants' allegedly defective design of preterm

1

infant formula products, failure to warn of the dangers of Defendants' products, negligence, and misrepresentations about Defendants' preterm infant formula products.

2.  On May 7, 2021, Plaintiffs filed a complaint against Defendants in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, captioned *Destin Jupiter and Dana Jupiter, Plaintiff v. Mead Johnson & Company, LLC, Mead Johnson Nutrition Company, and Abbott Laboratories*, No. 2021 L 000560.  The Complaint purports to assert claims against Defendants for Strict Liability for Design Defect (Count I); Strict Liability for Failure to Warn (Count II); Negligence (Count III); Intentional Misrepresentation (Count IV); Negligent Misrepresentation (Count V); and Loss of Consortium (Count VI).

3.  At the time of the filing of this Notice of Removal, Defendants have not been served with the complaint or any other process, pleadings, or orders.

4.  No further proceedings have been had in the state court action.

5.  Pursuant to 28 U.S.C. § 1446(a), copies of the following documents are attached to this Notice of Removal:

> **Exhibit A:**  Plaintiffs' Complaint;
>
> **Exhibit B:**  A copy of the docket sheet in the state court action.

## I. Removal is proper under 28 U.S.C. § 1441 because this Court has diversity jurisdiction under 28 U.S.C. § 1332.

6.  This case is properly removed to this Court pursuant to §§ 1332(a)(1) and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, between citizens of a state (Defendants) and citizens of a different state (Plaintiffs).

### A. The amount in controversy exceeds $75,000.

7.  Pursuant with 28 U.S.C. § 1446(c)(2)(A)(ii), Abbott hereby asserts that the

amount in controversy exceeds $75,000, exclusive of interest and costs. Abbott makes this assertion in good faith based on Plaintiffs' alleged injuries. *See Sabrina Roppo v. Travelers Commercial Ins.Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing party therefore only must establish the amount in controversy by a good faith estimate that is 'plausible and adequately supported by theevidence.'") (citation omitted).

8. Plaintiffs allege that serious injuries resulted from Plaintiff Destin Jupiter's development of necrotizing enterocolitis. Plaintiff Destin Jupiter claims that he was "fed cow's milk-based products, which caused him to develop NEC," and caused "subsequent health impacts." Complaint (May 7, 2021), Exhibit A ¶¶ 72, 81, 92, 102. Plaintiff Dana Jupiter, Destin's mother, claims she "incurred medical expenses, and suffered significant emotional distress, loss of income, and other harms," and "suffered a loss of affection, companionship, society and consortium of her son." *Id.* ¶¶ 74, 83, 93, 103, 107.

9. Plaintiffs allege "damages for past, present, and future emotional distress, loss of enjoyment of life, pain and suffering, mental anguish, loss of consortium" as well as "lost income and/or lost revenue and/or lost profits, and/or lost business opportunity, lost earning capacity, and costs related to medical or mental health treatment which have or may be recommended." *Id*. ¶¶ 108–110.

10. The face of the Complaint makes clear that Plaintiffs' claimed damages exceed $75,000, exclusive of interest and costs. *See McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount.").

11. "An alleged amount in controversy satisfies the jurisdictional requirement so

long as it is not legally impossible for the claimant to recover that amount in damages on the claim." *Knopick v. Jayco, Inc.*, 895 F.3d 525, 529 (7th Cir. 2018) (citing *Grinnell Mutual Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012)). An award of more than $75,000 "is not legally impossible." *Id.* It is therefore apparent from the face of the Complaint that more than $75,000, exclusive of interest and costs, is in controversy in this case.[1]

    **B.**    **There is complete diversity of citizenship.**

12. This Court's jurisdictional diversity requirement is satisfied because the suit is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

13. Plaintiffs are citizens of Louisiana. Ex. A ¶¶ 3–4.

14. For diversity jurisdiction purposes, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

15. Defendant Abbott Laboratories was at the time of filing of the Complaint, and has been at all intervening times, a corporation incorporated under the laws of the State of Illinois with its principal place of business in the State of Illinois. Ex. A ¶ 6.

16. Defendant Mead Johnson Nutrition Company is a corporation incorporated under the laws of the State of Delaware with a principal place of business in Illinois. *Id.* ¶ 5. Defendant Mead Johnson & Company LLC is a limited liability company organized under the laws of the State of Delaware whose citizenship is that of its sole member, Mead Johnson Nutrition Company. *Id.*

---

[1] Abbott, of course, does not concede that Plaintiffs are entitled to recover more than $75,000, and deny that Plaintiffs are entitled to recover any damages. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold.'").

### C. Removal is not procedurally barred by the forum defendant rule.

17. 28 U.S.C. § 1441(b)(2) provides that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendants are citizens of Illinois. However, Defendants have not been served as of the time of filing this Notice of Removal. Section 1441(b)(2)'s "home state" bar on removal only applies to defendants that have been properly served, and "removal is permitted if it occurs before service of an in-forum defendant is effectuated." *Knightsbridge Mgmt. v. Zurich Am. Ins. Co.*, 2021 WL 508687, at *3–4 (S.D. Ill.); *In re Pradaxa (Diabigatran Etexilate) Prod. Liab. Lit*, 2012 WL 656822, at *4 (S.D. Ill.) ("[t]he vast majority of courts considering those statutory requirements have concluded that, where diversity exists, the presence of an unserved forum defendant does not bar removal."); *see also Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019) ("Put simply, the result here – that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship – is authorized by the text of Section 1441(b)(2) and is neither absurd norfundamentally unfair"); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018) (the "plain meaning [of section 1441(b)(2)] precludes removal on the basis ofin-state citizenship only when the defendant has been properly joined and served"); *D.C. by & through Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 992 (N.D. Ill. 2018) ("the statutory text [of section 1441(b)(2)] must control" and that the statute does not bar removal where a joined forum defendant remains unserved); *Graff v. Leslie Hindman Auctioneers, Inc.*, 2017 WL 4864871 (N.D. Ill.) (where a forum defendant is un-served "[t]he forum defendant rule does not applyhere under the plain meaning of [§ 1441(b)(2)]").

**II.     Abbott has satisfied all other procedural requirements for removal.**

    **A.     Removal is timely.**

18.     Pursuant to 28 U.S.C. § 1446(b), a defendant may remove an action within thirty days after receipt of a copy of the complaint through service or otherwise.  Plaintiffs filed the state court action May 7, 2021.  *See* Exhibit B.  Abbott has not yet been served.  This Notice of Removal is timely.

    **B.     This is the proper venue.**

19.     The United States District Court for the Southern District of Illinois East St. Louis Division embraces the county in which the state court action is now pending.  Therefore, this action is properly removed to the Southern District of Illinois, East St. Louis Division pursuant to 28 U.S.C. §§ 93(c) and 1441(a).

    **C.     All other procedural requirements have been met.**

20.     Pursuant to 28 U.S.C. § 1446(d), Abbott will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending.  Abbott will also serve written notice of the filing of this Notice of Removal on counsel for the Plaintiffs.

21.     By filing this Notice of Removal, Abbott does not waive any rights, privileges, or defenses, including defenses related to personal jurisdiction, and does not concede that this is an appropriate or convenient forum for resolution of these claims.

WHEREFORE, Abbott respectfully removes this action from the Circuit Court of the Third Judicial Circuit Madison County, Illinois, bearing Number 2021 L 000560, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: May 11, 2021          ABBOTT LABORATORIES

By: */s/ Scott Ahmad*

Stephen V. D'Amore (ARDC No. 6224741)
Scott P. Glauberman (ARDC No. 6242985)
Bryce A. Cooper (ARDC No. 6296129)
Scott Ahmad (ARDC No. 6298958)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600
(312) 558-5700 (fax)
Email: sdamore@winston.com
Email: sglauberman@winston.com
Email: bcooper@winston.com
Email: sahmad@winston.com

*Attorneys for Abbott Laboratories*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2021, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which willsend notification of such filing to all attorneys of record.

On this date I further caused to be served on each of the attorneys identified below, via the delivery methods indicated below, a copy of the foregoing document:

Eric D. Holland
Robert J. Evola
Holland Law Firm, LLC
211 North Broadway, Suite 2625
St. Louis, MO 63102
eholland@hollandtriallawyers.com
revola@hollandtriallawyers.com
Via the Clerk's eFiling Application and email

Ann E. Callis
Holland Law Firm, LLC
1324 Niedringhaus Avenue
Granite City, IL, 62040
acallis@hollandtriallawyers.com
Via the Clerk's eFiling Application and email

Travis Lenkner
Ashley Keller
Keller Lenkner LLC
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
tdl@kellerlenkner.com
ack@kellerlenkner.com
Via the Clerk's eFiling Application and email

*Attorneys for Plaintiffs*

Anthony Anscombe
Steptoe & Johnson LLP
227 West Monroe St., Suite 4700
Chicago, IL 60606
aanscombe@steptoe.com
Via the Clerk's eFiling Application and email

*Attorney for Mead Johnson Nutrition Company, Mead Johnson & Company, LLC*

By: /s/*Scott Ahmad*
    *Attorney for Abbott Laboratories*

I certify under penalty of perjury that the foregoing is true and correct.

By: /s/ *Scott Ahmad*